NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 22 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RONG LIU; SHUYUN LIU, | No. 15-73717 |
| Petitioners, | Agency Nos. A088-800-132 |
| v. | A088-800-131 |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 17, 2022[**]

Before:     S.R. THOMAS, PAEZ, and LEE, Circuit Judges.

Rong Liu and Shuyun Liu, natives and citizens of China, petition for review

of the Board of Immigration Appeals' ("BIA") order dismissing their appeal from

an immigration judge's ("IJ") decision denying their application for asylum, and

denying Rong Liu's applications for withholding of removal and protection under

_____

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

the Convention Against Torture ("CAT").  Our jurisdiction is governed by

8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings,

applying the standards governing adverse credibility determinations under the

REAL ID Act.  *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010).  We

deny in part and dismiss in part the petition for review.

In their opening brief, petitioners do not contend the BIA erred in its

determination that they waived any challenge to the IJ's determination that their

asylum application was untimely filed.  *See Lopez-Vasquez v. Holder*, 706 F.3d

1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in a

party's opening brief are waived).

Substantial evidence supports the agency's adverse credibility determination

based on Rong Liu's fraudulent immigration applications; inconsistencies within

Rong Liu's testimony and between her testimony and her documentary evidence as

to her employment in China; and Rong Liu's two voluntary return trips to China.

*See Shrestha*, 590 F.3d at 1048 (adverse credibility finding reasonable under the

totality of the circumstances); *see also Li v. Garland,* 13 F.4th 954, 961 (9th Cir.

2021) (false information on visa application supported adverse credibility

determination); *Loho v. Mukasey*, 531 F.3d 1016, 1018-19 (9th Cir. 2008)

(voluntary returns to home country supported adverse credibility determination).

Substantial evidence also supports the agency's finding that Rong Liu's

documentary evidence did not independently establish eligibility for relief. *See Garcia v. Holder*, 749 F.3d 785, 791 (9th Cir. 2014) (petitioner's documentary evidence was insufficient to independently support claim). Thus, in the absence of credible testimony, in this case, Rong Liu's withholding of removal claim fails. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

In their opening brief, petitioners do not contend the BIA erred in its determination that they waived any challenge to the IJ's denial of CAT protection. *See Lopez-Vasquez,* 706 F.3d at 1079-80. We lack jurisdiction to consider Rong Liu's contentions as to the merits of her CAT claim because she did not raise them to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency).

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**